**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-73 |
| | ) | |
| THOMAS CARR | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Thomas Carr's Motion to Dismiss the Indictment charging him with failure to register as a sex offender.

**BACKGROUND**

On August 22, 2007, the government filed an Indictment against the Defendant, charging him with a violation of 18 U.S.C. § 2250. The Indictment charged that on or about July 2007, the Defendant, who is a person required to register under the Sex Offender Registration and Notification Act (SORNA), did travel in interstate commerce, and knowingly failed to register or update a registration as required by that Act. [DE 1.]

In 2004, the Defendant was convicted in Alabama of First Degree Sexual Abuse. He was released from custody and, on July 6, 2004, registered with the state of Alabama as a sex offender. In either 2004 or 2005, the Defendant moved to Indiana. On July 19, 2007, the Fort Wayne police became aware that the Defendant was living in Fort Wayne. As of that date, he was not registered as a sex offender in the state of Indiana.[1]

On September 25, 2007, the Defendant moved to dismiss the Indictment on the basis that

---

[1] Not all of these facts are presented in the Indictment. They are derived from the parties' briefs on the Defendant's Motion to Dismiss and do not appear to be in dispute.

any conviction under 18 U.S.C. § 2250 would violate the ex post facto clause of the Constitution because he relocated from Alabama to Indiana in 2004 or 2005, before the passage of SORNA in 2006 and before its application to him in February 2007.

On October 10, the government responded to the Defendant's motion. The government argued that the ex post facto clause is only implicated when all of the elements of an offense have been completed before a statute's effective date. The government contends that the offense of failing to register is not completed until a sex offender knowingly fails to register under SORNA, and that a person can only knowingly fail to register under SORNA after it went into effect. The government also argues that a violation of § 2250 is a continuing offense.

## DISCUSSION

**A.     Background**

On July 27, 2006, the President approved Title I of the Adam Walsh Child Protection and Safety Act of 2006, including the Sex Offender Registration and Notification Act. SORNA generally requires the states to conform their sex offender registration laws to the SORNA requirements at the risk of losing federal funding. SORNA also imposes registration requirements on sex offenders who are subject to federal jurisdiction and makes failure to register as a sex offender subject to a maximum penalty of ten years imprisonment. Prior to SORNA, a 1994 federal law, known as the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program, made it a misdemeanor to fail to register under a state sexual offender registration program. 42 U.S.C. § 14072(i).

The elements for failing to register under § 2250(a) are that a defendant: (1) was a sex

offender as defined under SORNA and, therefore, required to register under SORNA; (2) traveled in interstate commerce; and (3) knowingly failed to register or update a registration as required by SORNA. 18 U.S.C. § 2250(a). SORNA delegated to the Attorney General the authority to determine the applicability of the Act to sex offenders convicted before the enactment of SORNA. On February 16, 2007, the Attorney General promulgated 29 C.F.R. Part 72, an interim rule, extending the provisions of SORNA to sex offenders whose convictions predated SORNA. The regulation was published in the Federal Register on February 28, 2007.

**B.     Ex Post Facto Clause**

The Ex Post Facto Clause of the Constitution prohibits Congress from criminalizing conduct after is has occurred, *Collings v. Youngblood*, 497 U.S. 37, 41 (1990), or from increasing the punishment for a crime after it is committed, *Miller v. Florida*, 482 U.S. 423, 429 (1987). U.S. Const., Art. I, § 10, cl. 1. This constitutional prohibition has come to apply "only to penal statutes which disadvantage the offender affected by them." *Collins*, 497 U.S. at 41. Therefore, a statute will not violate the ex post facto clause if it is designed to be nonpunitive and regulatory and the plaintiff cannot establish by the clearest proof that the state's choice was excessive in relation to its legitimate regulatory purpose. *See Smith v. Doe*, 538 U.S. 84, 92 (2003) (applying well-established framework for determining whether a law constitutes retroactive punishment in violation of the ex post facto clause to Alaska's sex offender registration and notification law). In *Smith*, the Supreme Court concluded that the Alaskan statutes' retroactive application did not violate the ex post facto clause because it was a nonpunitive, civil scheme. 538 U.S. at 105–06.

This Court agrees with those district courts that have analyzed SORNA and found it, like the statute in *Smith*, to be a civil, nonpunitive regime for the purpose of public safety. *See United States v. Gill*, — F. Supp. 2d —, 2007 WL 3018909, at * 3 (D. Utah Oct. 15, 2007) (holding that *Smith's* interpretation of the ex post facto clause was controlling because SORNA's purpose, like the Alaska registration requirement, was not to punish sex offenders but to inform the public about his background); *United States v. Hinen*, 487 F. Supp. 2d 747, 755–57 (W.D. Va. 2007) (finding that Congress's purpose was to establish a comprehensive national system for registration of sex offenders so as to protect the public from sex offenders and offenders against children); *United States v. Madera*, 474 F. Supp. 2d 1257, 1264 (M.D. Fla. 2007) (relying heavily on the Supreme Court's decision in *Smith v. Doe* to conclude that SORNA did not violate the ex post facto clause); *United States v. Mason*, — F. Supp. 2d —, 2007 WL 1521515, at *5 (M.D. Fla. May 22, 2007) (finding insufficient evidence to override legislative intent and transform SORNA from a civil scheme into a criminal penalty); *United States v. Manning*, 2007 WL 624037, at *1 (W.D. Ark. Feb. 23, 2007) (concluding that the "retroactivity of the registration law does not violate the ex post facto clause of the Constitution as it is not punitive, but a civil regulatory scheme with no punitive purpose or effect"); *United States. v. Templeton*, 2007 WL 445481, *5 (W.D. Okla., Feb. 7, 2007) (using reasoning set forth in *Smith* to conclude that SORNA is nonpunitive, and its retroactive application does not violate the ex post facto clause).[2] Because SORNA is a civil, nonpunitive regime for the purpose of public safety, its application to the Defendant does not implicate the ex post facto clause.

The Court also notes that, even if *Smith v. Doe* does not dispose of the Defendant's ex

---

[2] This is a non-exhaustive list of cases that have ruled that SORNA, like the statute considered in *Smith v. Doe*, is not penal.

post facto claim, there is support for the government's argument that the Defendant's failure to register, because it continued beyond the effective date of SORNA, could subject him to the enhanced penalty even if the SORNA's statutory scheme is found to be punitive. In *United States v. Black*, 125 F.3d 454 (7th Cir. 1997), the defendant lodged an ex post facto clause challenge to his prosecution for failing to pay past due child support. The debt arose before the passage of a federal law that imposed punishment on a person who willfully failed to pay past due child support obligations. The defendant argued that, because the debt arose before passage of the law, and because his sons were emancipated when the law was enacted, imposing punishment upon him for failure to pay violated the ex post facto clause. The court held that when the debt arose was not relevant—only that it remained unpaid. 125 F.3d at 466–67. Likewise, it is not relevant that the Defendant's obligation to register began before passage of SORNA. What is relevant is that the Defendant remains unregistered in the state of Indiana after the passage of SORNA.

The Court finds that SORNA is a civil, regulatory statute of the ilk examined in *Smith v. Doe*, and, as such, does not implicate the ex post facto clause. Alternatively, the Defendant is not being held accountable for pre-SORNA conduct. The conduct prohibited by § 2250(a) is the failure to register as a sex offender. The Indictment charges that the Defendant failed to register in July 2007, after the enactment of SORNA.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 18] is DENIED.

SO ORDERED on November 2, 2007.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT